UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eugene Newcombe,                                Civil No. 17-454 (JNE/FLN)

    Plaintiff,

v.

United States of America,                       **REPORT AND RECOMMENDATION**

    Defendant.

_____

Evan Nelson for Plaintiff[1].
Ana Voss, Assistant United States Attorney, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 22, 2017, on Defendant's motion to dismiss (ECF No. 26). This matter was referred to the undersigned for Report and Recommendation pursuant to 29 U.S.C. § 636 and Local Rule 72.1. *See* Order, ECF No. 11. For the reasons set forth below, the Court recommends that Defendant's motion to dismiss be **GRANTED**.

### I. FINDINGS OF FACT

Plaintiff Eugene Newcombe ("Newcombe") served in the army for twenty years and suffered numerous medical conditions as a result. ECF No. 24 ¶ 12–14. After receiving an honorable discharge, Newcombe petitioned the VA for benefits related to his service-connected disabilities. *Id.* ¶ 15–17. The VA first determined that Newcombe's corneal ulceration was not a service-connected disability. *Id.* ¶ 17. However, after further review, the VA determined that his recurrent corneal ulceration was a service-connected disability which was directly related to his military service. *Id.* ¶ 23. Newcombe continued to petition the VA for disability benefits related

___
[1] The Court is grateful to Mr. Nelson, who agreed to represent the Plaintiff here in connection with the Court's *pro se* Project.

to his other conditions. *Id.* ¶ 28. On February 10, 2015, VA employee John Doe received Newcombe's petition for disability benefits related to his other medical conditions. *Id.* ¶ 29. In evaluating Newcombe's petition, John Doe failed to review Newcombe's record. *Id.* ¶ 31. As a result, on February 17, 2015, John Doe generated a letter informing Newcombe that service-connection was denied for his corneal ulceration, and a finding was made that his condition did not occur in, nor was caused by, his military service. *Id.* ¶ 30, Ex. E. The letter, however, stated in bold that Newcombe's benefits would continue unchanged. *Id.* Upon receipt of the February 2015 Letter, Newcomb suffered physical and emotional distress. ECF No 24, ¶ 35.

On May 7, 2015, the VA informed Newcombe that the February 2015 determination—determining that his corneal ulceration was not a service-connected condition—was a clear and unmistakable error ("CUE"). *Id.* ¶ 39, Ex. F. In doing so, the VA explained that a CUE was an error that was "undebatable, so that it can be said that reasonable minds could only conclude that the previous decision was fatally flawed at the time it was made." *Id.*

John Doe, who generated the letter, was employed by the VA at their Regional Office in Minnesota. *Id.* ¶ 25. Director Kim Graves was responsible for the training and supervision of John Doe. *Id.* at ¶ 4-5. On September 9, 2015, Newcombe met with Director Graves to discuss the February 2015 Letter and the VA's subsequent CUE determination. *Id.* at ¶ 40. Director Graves informed Newcombe that the letter was generated in error by a single employee who had made several successive errors on Newcombe's file. *Id.* Director Graves also notified the Under Secretary of Veterans Benefits Administration, Allison A. Hickey, of the error and informed the Under Secretary that the employee had been counseled and his work was being reviewed. *Id.* ¶ 41, Ex. G.

On July 15, 2016, Newcomb filed an administrative tort claim with the Office of Chief Counsel for the VA. *Id*. ¶ 8. Newcombe alleged denial of his procedural due process rights based on the VA's determination that his conditions were not service-connected. *Id.*, Ex. A. On July 26, 2016, the VA informed Newcombe the United States Court of Appeals for Veterans Claims had sole jurisdiction to review his benefits decision claim, filed under the Federal Torts Claims Act ("FTCA"). *Id*. ¶ 9, Ex. B.  The VA gave Newcombe two options: to either file a request for reconsideration within six months with the VA's Office of General Counsel, or, if he was dissatisfied with the VA's denial of his claim under the FTCA, to seek judicial relief in Federal District Court. *Id.* On August 3, 2016, the VA acknowledged receipt of Newcombe's request for reconsideration. *Id*. On March 8, 2017, the VA denied Newcombe's claim on reconsideration. *Id.*

Newcombe now brings one count of negligent supervision and training against the United States. *Id*. ¶ 10–13. Newcombe asserts that this Court has jurisdiction, and the government has consented to be sued, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. *Id*. ¶ 3. The United States (the "Government") moves dismiss Newcombe's claim for lack of jurisdiction. ECF No. 26.

## II. STANDARD OF LAW

"Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 293 (8th Cir. 1991). The burden of establishing subject matter jurisdiction rests with the party seeking to invoke federal jurisdiction. *V S Ltd. P'Ship v. Dep't of Hous. and Urban Dev.*, 238 F.3d 1109, 1112 (8th Cir. 2000). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must

3

dismiss the complaint in its entirety.") When the Government's attack is limited to plaintiff's complaint, it is a facial challenge and "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013) (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

### III. CONCLUSION OF LAW

The FTCA gives federal courts exclusive jurisdiction over civil claims against the United States resulting in injury, or loss of personal property, caused by the negligence or wrongful conduct of an employee of the Government, acting within their scope of employment, where a private person would have been liable in the place where the injury occurred. 28 U.S.C. § 1346(b)(1). This grant of jurisdiction, however, is limited by the Veterans' Judicial Review Act of 1988 ("VJRA") which provides:

> The Secretary [of VA] shall decide all questions of law and fact necessary to a decision by the Secretary under the law that affects the provisions of benefits by the Secretary of veterans or the dependents or survivors of veterans. Subject to section (b), the decision of the Secretary as to any such questions shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (2017). Under the VJRA, district courts are precluded from deciding questions of law and fact necessary to a decision by the Secretary of the VA. *Jones*, 727 F.3d at 847; *see Beamon v. Brown*, 125 F.3d 965, 970 (6th Cir. 1997) (providing that Section 511 "creates a broad preclusion of judicial review of VA decision"). Instead the VJRA establishes a specific appellate-review structure for veterans to a dispute decision made by the VA. *Mehrkens v. Blank*, Civ. No. 05-1384, 2007 WL 2247576, at * 3 (D. Minn. Aug. 2, 2007) (RHK/JSM). A veteran who disagrees with a decision made by the Secretary may appeal such a decision by

filing a notice of disagreement with the Board of Veterans' Appeals. *Id.*; 38 U.S.C. § 7105(a). The Board's decision of the Secretary's determination is final. 38 U.S.C. § 7104. The only recourse available to a veteran who disagrees with the Board's decision is to file an appeal with the Court of Appeals for Veterans Claims. 38 U.S.C. § 7266(a). The Court of Appeals for Veterans Claims has *exclusive jurisdiction* to review decisions rendered by the Board of Veterans' Appeals. 38 U.S.C. § 7252(a). Decision made by the Court of Appeals for Veterans Claims may be appealed only to the United States Court of Appeals for the Federal Circuit, and its decisions are final subject to review only by the United States Supreme Court. 38 U.S.C. § 7292(c)-(d)(1). Thus, under the VJRA's appellate-review structure, this Court lacks jurisdiction over all claims which amount to an appeal of the VA's benefits decision. *See Jones v. U.S.*, 727 F.3d at 847; *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369–70 (8th Cir. 1992); *King v. U.S. Dept. of Veterans Affairs*, 728 F.3d 410, 414–16 (5th Cir. 2013).

Further, district courts lack jurisdiction when adjudication of a party's claim requires evaluation of the VA's benefits determination. *See Jones v. U.S.*, 727 F.3d at 847. In *Jones v. United States*, the Eighth Circuit found that judicial review of plaintiff's claim of negligence under the FTCA was precluded where the allegation was that the VA improperly withheld benefits. 727 F.3d at 846. The court held that resolution of plaintiff's claim would require a determination that the VA's benefits decision was improper. *Id.* at 849. The Court found, in analyzing plaintiff's allegations, that the substance of his claim was rooted in the VA's handling of his benefits request; something that was foreclosed by the VJRA. *Id.* Other courts have similarly found that district courts are without jurisdiction over tort claims premised on allegations that the VA negligently provided, or failed to provide, veterans' benefits. *See King v. U.S. Dept. of Veterans Affairs*, 728 F.33d at 414 (holding that the VJRA barred the district court

5

from exercising jurisdiction over plaintiff's tort claim based on the VA's erroneous reduction of his benefits); *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005) (finding the district court lacked subject matter jurisdiction over a negligent claim because adjudicating plaintiff's claim would require the court to determine whether the VA acted properly in providing plaintiff benefits).

In the present case, Newcome seeks to invoke this Court's jurisdiction by arguing that his claim is not based on a denial of veteran's benefits, but rather on the negligent supervision and training of the VA. *See e.g.*, ECF No. 30. According to Newcome, the questions of law and fact in this matter do not relate to a VA's benefits decision, but instead to whether Director Graves negligently supervised and trained John Doe. *Id.* This Court concludes, however, that adjudicating Newcombe's claim would require this Court to first determine whether the VA acted improperly in its benefits determination resulting in the February 2015 Letter. The VJRA forecloses any review from this Court of the VA's benefits determination, including any alleged negligence in the part of its employee in making such a determination. Because resolution of Plaintiff's claim would require this Court to determine whether the VA acted properly in determining that Newcombe's corneal ulceration was not service-connected, subject matter jurisdiction is foreclosed.

Newcombe further argues, however, that because the VA admitted its February 2015 Letter was a clear and unmistakable error ("CUE") that by definition there was no VA judgment, and thus no VA decision to review. *Id.* In support, Newcombe directs the Court to *Roman Cancel v. United States*, 598 F. Supp. 2d 227 (D.P.R. 2008), where the District Court of Puerto Rico found it had jurisdiction over a FTCA claim alleging that the VA was negligent in its benefits determination. The court in finding jurisdiction held it did not need to determine whether the VA

acted improperly in assessing plaintiff's claim because the VA had already decided that it acted improperly by its CUE determination; and in doing so, had decided the questions of law and fact related to plaintiffs' benefits claim. *Id.* at 232. *Roman-Cancel*'s jurisdictional analysis has not been adopted by the Eighth Circuit, *see Jones*, 727 F.3d at 849, and is not binding on this Court. Further, the facts of *Roman-Cancel* are is distinguishable from this case. Questions of law and fact related to Newcombe's claim cannot be resolved by the VA's CUE determination. The VA, through its CUE determination, has not admitted negligence in its supervision and training of employee John Doe. The VA, instead, through its CUE determination, has only admitted that it erred in its benefits evaluation; an issue that is not in dispute. Thus, the Court, in determining whether the VA acted negligently would have to assess questions of law and fact related to the VA's benefits decision; a determination that section 511 places outside this Court's jurisdiction.

Because this Court finds it lacks subject matter jurisdiction, Defendant's additional arguments are not reached.

## IV. RECOMMENDATION

Based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motion to dismiss (ECF No. 26) be **GRANTED**.

DATED: December 15, 2017                                  *s/Franklin L. Noel*
                                                          FRANKLIN L. NOEL
                                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before January 2, 2018, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by January 2, 2018 a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.